UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

STUART SOLOMONS,

    Plaintiff,

v.

JORGE LEGRA and G. TRANSPORT, INC.,

    Defendant.

_____

## COMPLAINT

Plaintiff, STUART SOLOMONS, sues Defendants, JORGE LEGRA and G. TRANSPORT, INC. and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332(a) because the matter in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) exclusive of interest and costs and is between citizens of a state and citizens or subjects of a foreign state.

### THE PARTIES

2. The Plaintiff is a citizen of the United Kingdom whose permanent residence is Ashley Bank, 285 Ashley Road, Hale, Cheshire WA 14 3NM, England.

3. The Defendant, JORGE LEGRA is a citizen of the State of Florida and resides at 13721 S.W. 173rd Terrace, Miami, Florida 33177.

4. The Defendant, G. TRANSPORT, INC. is a Florida corporation with a principal place of business located at 7570 N.W. 14th Street, Suite 201, Miami, Florida 33178.

Case 1:12-cv-23987-JLK  Document 1  Entered on FLSD Docket 11/02/2012  Page 2 of 5

Stuart Solomons v. Jorge Legra, et al.
Complaint

## COUNT I – <u>NEGLIGENCE OF DEFENDANTS</u>

5. On December 15, 2010, Defendant, G. TRANSPORT, INC. owned a 1995 Freightliner/Freightliner Sprinter Vehicle Identification No. 1FUYDSYB7SH6453824.

6. On December 15, 2010, the vehicle was operated by Defendant, LEGRA, with the consent of Defendant, G. TRANSPORT, INC, at or near the vicinity of Biscayne Blvd and N.E. 6th Street, Miami, Florida.

7. At that time and place, Defendants negligently operated or maintained the motor vehicle so that it collided with a bicycle operated by Plaintiff.

8. As a result of Defendants' negligence, Plaintiff suffered bodily injury and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.

9. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

10. Plaintiff's bicycle was also destroyed by the accident.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant.

## COUNT II – <u>NEGLIGENCE AGAINST G-TRANSPORT (RESPONDENT SUPERIOR: VICARIOUS LIABILITY)</u>

11. Plaintiffs re-allege the allegations contained in Paragraphs 1-10 of the Complaint as if fully set forth herein.

12. At all times material hereto, JORGE LEGRA was an employee and/or agent, and/or joint employee, and/or estoppel employee, and/or joint venturer and/or logo employee of Defendant, G-TRANSPORT, INC.

Case 1:12-cv-23987-JLK   Document 1   Entered on FLSD Docket 11/02/2012   Page 3 of 5

Stuart Solomons v. Jorge Legra, et al.
Complaint

13. On or about December 15, 2010, while acting within the course and scope of his employment and/or as a joint employee and/or agent and/or joint venturer and/or logo employee of Defendant, and with the consent of Defendant, negligently operated his motor vehicle so that it collided with the bicycle being operated by Plaintiff, at or about Biscayne Boulevard and N.E. 6th Street, Miami, Florida.

14. As a direct and proximate result of the foregoing negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

15. As a further direct and proximate result of the foregoing, Plaintiff's bicycle was damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment be entnered in his favor against Defendant for all compensatory and other damages, costs, interest, and such other relief as is necessary and proper.

**COUNT III – NEGLIGENCE AGAINST G-TRANSPORT (NEGLIGENT HIRING)**

16. Plaintiffs re-allege the allegations contained in Paragraphs 1-15 of the Complaint as if fully set forth herein.

17. Defendant had a duty, pursuant to, *inter alia*, 49 C.F.R. § 383.35 (concerning employment history of person applying for employment as an operator of a motor vehicle), part 391; including specifically but not limited to § 391.23 (motor carrier's duty to make investigation and inquiries with respect to each driver it employs), and § 391.51 (regarding driver

Stuart Solomons v. Jorge Legra, et al.
Complaint

qualification files), § 391.53 (driver's investigation history file), to conduct an adequate investigation or inquiry into the driving record and driving ability of JORGE LEGRA, including but not limited to, his ability, fitness and qualifications to drive a motor vehicle in either interstate or intrastate commerce.

18. Defendant G. TRANSPORT also had a duty to exercise reasonable care in hiring.

19. At the times JORGE LEGRA was hired as an employee and/or agent, and/or joint employee, and/or estoppel employee, and/or joint venturer and/or logo employee by Defendant, G. TRANSPORT, either knew, or in the exercise of reasonable care, should have known, of the incompetence or unfitness of JORGE LEGRA to operate a motor vehicle in either interstate or intrastate commerce.

20. As a result of Defendants breaches of its duties/negligence in conducting its investigation and inquiry as to JORGE LEGRA's fitness to operate a motor vehicle, JORGE LEGRA was afforded the opportunity to operate a motor vehicle in a negligent manner, such that it collided with Plaintiff's bicycle on or about December 15, 2010 at our about Biscayne Boulevard and N.E. 6th Street, Miami, Florida.

21. As a direct and proximate result of the foregoing, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, and the aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

22. As a further direct and proximate result of the foregoing, Plaintiff's bicycle was damaged.

Stuart Solomons v. Jorge Legra, et al.
Complaint

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendants, for all compensatory and other damages, costs, interest, and such other relief as is necessary and proper.

## DEMAND FOR TRIAL BY JURY

23. Plaintiff demands trial by jury for all claims so triable.

DATED this 2nd day of November, 2012.

                                      BECKER & POLIAKOFF, P.A.
                                      Attorneys for Plaintiff
                                      Bank of America Centre
                                      625 N. Flagler Drive, 7th Floor
                                      West Palm Beach, FL  33401
                                      Telephone:  (561) 655-5444
                                      Facsimile:  (561) 832-8987
                                      RRubin@becker-poliakoff.com


                                      By _____/s/ Robert I. Rubin
                                          Robert I. Rubin, Esq.
                                          Florida Bar No. 007293

ACTIVE: 3677279_1